**UNITED STATES of America,**
**Plaintiff,**

v.

**Neil J. McCONLOGUE, Defendant.**

**UNITED STATES of America,**
**Plaintiff,**

v.

**Neil J. McCONLOGUE, Defendant.**

**Nos. 35152, 35154.**

United States District Court
E. D. Michigan, S. D.
June 3, 1959.

Fred W. Kaess and Orrin C. Jones, Detroit, Mich., for the Government.

No appearances for defendants.

O'SULLIVAN, Circuit Judge.

This opinion will apply to the two above entitled criminal cases on the docket of this court. A motion has been filed in each of these cases by petitioner, Neil J. McConlogue, for leave to withdraw pleas of guilty entered in these cases before Honorable Arthur A. Koscinski, then District Judge of this court, on October 25, 1955. Instant proceedings are brought under Rule 32(d) of the Federal Rules of Criminal Procedure, 18 U.S.C.

The following facts have been gleaned by this Court from a review of the pleadings filed in connection with the motions now under consideration, the entire file in each of these cases, and a transcript furnished to the Court of certain proceedings had in the United States District Court for the Northern District of California, Southern Division. The facts recited shall constitute this Court's findings of fact to the extent that they are material and relevant to the matters presented by the instant motions.

Prior to October 25, 1955, Neil J. McConlogue was a prisoner in one of the State Prisons of Michigan. At the conclusion of the sentence there served, on October 25, 1955, he appeared before Judge Arthur A. Koscinski and was arraigned on two indictments. One indictment was returned on February 19, 1952, by a Grand Jury convened in the United States District Court for the Northern District of Georgia, Atlanta Division, and the other was returned on December 10, 1951, by a Grand Jury convened in the United States District Court for the District of New Jersey. Each of these indictments charged violation of Section 2314, Title 18 U.S.C., the charge generally being interstate transportation of forged securities. A plea of guilty was entered to each of these indictments under Rule 20 of the Federal Rules of Criminal Procedure. After acceptance of the pleas, the Court referred the matter to the Probation Department for pre-sentence report and released McConlogue on personal bond. Upon being so released, McConlogue disappeared, violating his bond. In January, 1956, he was apprehended on the west coast, and was there charged with the raising of certain post office money orders from the face amount of $1 each to $9 each.

He entered a plea of guilty to this latter offense before Honorable Michael J. Roche, then District Judge for the Northern District of California, and on March 6, 1956, he was awaiting sentence upon three different offenses, to wit: the offense in California and the two offenses to which he had previously entered pleas of guilty before Judge Koscinski in Michigan. On the aforesaid date, Judge

Roche sentenced him to a term of imprisonment of five years.

McConlogue began to serve the sentence imposed by Judge Roche and in August, 1956, he was brought to Michigan and appeared before Judge Koscinski for sentence upon the two offenses to which he had entered pleas of guilty before Judge Koscinski. On August 9, 1956, McConlogue was sentenced by Judge Koscinski to a term of two years on each of the indictments to which he had entered a plea of guilty in Detroit. The Court's order provided that the sentences would run consecutively and would commence after completion of the term to which he had been sentenced by Judge Roche in California. It was recognized by Judge Koscinski that his sentences, together with the sentence of Judge Roche, would total nine years.

From a review of certain letters which McConlogue received from the Chief Probation Officer for the Northern District of California, and from the answer filed by the United States Attorney to the instant petitions, it appears that after McConlogue's apprehension in California consideration was given to having the cases pending in Detroit dismissed upon the assumption that Judge Roche, in the California proceedings, would impose a sentence adequate to cover all offenses then charged against McConlogue. The following averments of the Government's answer to the instant petitions discuss this situation:

"The United States Attorney at Detroit recognized the expense which would be entailed to return petitioner (McConlogue) to Detroit, and concluded that it would be economically preferable if the above two causes (referring to the causes pending in Michigan) could be dismissed upon sentencing of the petitioner by the District Court of California. It was legally determined, however, that the United States Attorney in Detroit had no authority to dismiss indictments issued from the Northern District of Georgia and the District of New Jersey, and

upon inquiry of the Honorable Arthur A. Koscinski, District Judge, he was advised by said judge that he would not permit any withdrawal or dismissal of the proceedings in the above entitled cause, and that the court wanted petitioner returned to this District for imposition of sentence."

Petitioner here bases his claim for relief upon the contention that when Judge Roche imposed sentence of five years upon him in California, it was with the understanding that the sentence would cover not only the matter then pending before Judge Roche, but would also constitute punishment for the two matters still on the docket of Judge Koscinski at Detroit, Michigan.

A review of the transcript of the proceedings before Judge Koscinski of August 9, 1956, and the Government's answer in this case discloses that Judge Koscinski was fully aware that petitioner McConlogue had been sentenced by Judge Roche to a term of five years. He was also obviously aware of the fact that the United States Attorney at Detroit had given consideration to requesting dismissal of the proceedings pending before Judge Koscinski. It is equally apparent that Judge Koscinski refused to go along with such a plan, and insisted upon McConlogue appearing for sentence at Detroit. At the time of imposing sentence on McConlogue, Judge Koscinski asked him whether he had anything to say before sentence was imposed. Petitioner did not at that time advise Judge Koscinski of any understanding on his part that the five year sentence imposed by Judge Roche was intended to cover the offenses for which he was being sentenced by Judge Koscinski. Even if the judge was so informed, it would not have restricted him from imposing sentence upon McConlogue within the permitted limitations of the applicable statute. It is clear from the foregoing that notwithstanding the five year sentence imposed by Judge Roche and notwithstanding Judge Koscinski's awareness of the consideration that had been given to dis-

missing the matters in Michigan, he determined that it was proper for him to impose the sentences on McConlogue that he did.

Judge Koscinski is now deceased, and was deceased at the time that the instant petitions were filed, several years after Judge Koscinski's imposition of the aforesaid sentences. This Court, therefore, must assume that Judge Koscinski acted with deliberation when he imposed the sentences in question, and a review of the transcript made at the time of such sentences, confirms this assumption.

Review of the files in this matter discloses that petitioner McConlogue has had a long criminal record, and has spent a substantial part of his adult life in various state and federal prisons. His chief activity has been in the field of forging securities. The probation report before this Court indicates that McConlogue would be at this time approximately 68 years of age. He does not contend that he was innocent of the offenses for which he was sentenced by Judge Koscinski. He is seeking relief from this Court upon the contention that he was unfairly dealt with in that he claims that there was some understanding at the time of Judge Roche's five year sentence that such sentence would cover the two offenses pending in Detroit. He claims that such understanding was violated by the sentences imposed upon him by Judge Koscinski, which sentences were to commence upon completion of Judge Roche's sentence. Assuming that there was merit in McConlogue's position, the only way in which this Court could give him relief would be to allow him to withdraw the pleas heretofore entered before Judge Koscinski. This Court would not be justified in granting the relief sought by petitioner unless this Court felt he could do so under the language of the second sentence of subsection (d) of Rule 32, to wit:

"* * * but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his plea."

Inasmuch as petitioner McConlogue makes no pretense that he was innocent and makes no claim that the pleas of guilty before Judge Koscinski were brought about by any violation of his rights, for this Court now to aid him by use of the above mentioned rule would be to bring about a legal "makeshift" not contemplated by the rule. This Court, however, is impressed that even though this petitioner has been a long-time law violator, he should be given relief if he is entitled to it and if there are remedies presently available that can be employed to give him such relief. If what happened here amounted to the United States Government breaking its word, even with the meanest of its citizens, a court should not hesitate to search for some means of undoing the consequences of a violation of good faith. This Court is not persuaded, however, that by imposing the sentences he did, Judge Koscinski intentionally, or unintentionally, perpetrated a wrong upon this petitioner. This Court is also at a disadvantage in that the Honorable Arthur A. Koscinski is now deceased and no information can be obtained as to what may have been within his contemplation at the time of imposing the sentences other than is disclosed by the transcript of the proceedings had at that time.

This Court is without power to change the sentences imposed by Judge Koscinski and is not convinced that he should now allow petitioner to withdraw the pleas of guilty knowingly and deliberately entered upwards of three years ago.

For the foregoing reasons, it is the opinion of this Court that the motions now before the Court should be denied. Orders in conformity with this opinion are being entered simultaneously herewith.